# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON FREEMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>FIBRE RESOURCES UNLIMITED, INC., *et al.*,<br><br>           Defendants. | Case No. 20-cv-02029-BAS-KSC<br><br>**CONSENT DECREE** |

## CONSENT DECREE

The following Consent Decree is entered into by and between Clayton Freeman ("Plaintiff") and Fibre Resources Unlimited Inc. a/k/a Fibre Resources and Certified Recycling, Inc. (collectively, "Fibre Resources" or the "Defendants"). The entities entering into this Consent Decree are each an individual "Settling Party" and collectively the "Settling Parties."

**WHEREAS,** Plaintiff is a citizen of the State of California.

**WHEREAS,** Plaintiff is concerned with the environmental health of the Sweetwater River and overall Sweetwater River Watershed, of which the Sweetwater River, Sweetwater Reservoir, and San Diego Bay are a part, and uses and enjoys the waters of the Sweetwater River, its inflows, outflows and other waters of the Sweetwater River Watershed;

**WHEREAS,** Fibre Resources is the owner and operator of a facility that operates as recycling and waste processor, located at 3833 Bancroft Drive, Spring Valley, CA 91977, hereinafter referred to by the Settling Parties as the "Facility;"

**WHEREAS,** Plaintiff's use and enjoyment of these waters are negatively affected by the pollution allegedly caused by the operations at the Facility;

**WHEREAS,** Plaintiff acts in the interest of the general public to prevent pollution in these waterways, for the benefit of their ecosystems, and for the benefits of all individuals and communities who use these waterways for various recreational, educational, and spiritual purposes;

**WHEREAS,** the discharges from the Facility are regulated by the National Pollutant Discharge Elimination System ("NPDES"), General Permit No. CAS000001, [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("1997 Storm Water Permit"), and as amended by Order No. 2014-0057-DWQ ("IGP"), and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA");

**WHEREAS,** the Facility is listed as operating under SIC Code 5093, relating to Scrap and Waste Recycling. Defendant has had coverage for the Facility under the California Industrial General Permit since at least 2013, under the issued WDID No. 9 37I024288. Defendant reapplied for coverage under the 2015 Industrial Stormwater Permit, and was granted the continued use of its previously issued WDID

No. The 2013 and 2015 "Notice of Intents" for the Facility to comply with the terms of the Industrial Stormwater Permit list "Fibre Resources" as the Operator and Facility names;

**WHEREAS**, on March 16, Plaintiff sent to Fibre Resources, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board"), and the Regional Water Quality Control Board – San Diego Region ("Regional Board") a notice of intent to file suit ("Notice Letter") under Sections 505(a) and (b) of the Clean Water Act, 33 U.S.C. §§ 1365(a) and (b). The Notice Letter alleged violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a) and violations of the 1997 Storm Water Permit and the IGP at the Fibre Resources Facility[1];

**WHEREAS**, on October 15, 2020, Plaintiff filed a complaint against Fibre Resources in the United States District Court, Southern District of California (Case No. 3:20-cv-02029-BAS-KSC), alleging violations of Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), and violations of the Storm Water Permit at the Fibre Resources Facility ("Complaint");

**WHEREAS**, Plaintiff alleges Fibre Resources to be in violation of the substantive and procedural requirements of the 1997 Storm Water Permit, the IGP and the Clean Water Act with respect to the Fibre Resources Facility;

**WHEREAS**, on December 3, 2020, Fibre Resources filed an answer in response to the Complaint, denying all allegations in the Notice Letter and Complaint relating to the Fibre Resources Facility ("Answer");

**WHEREAS**, on February 24, 2021, Plaintiff's expert environmental consultant conducted an inspection of the Facility;

**WHEREAS**, on February 22, 2021 Fibre Resources uploaded a revised SWPPP to the Water Boards Storm Water Multiple Application & Report Tracking System ("SMARTS"), attached and incorporated herewith as Exhibit A, containing significant revisions designed to bring the Facility into further compliance with the IGP, in response to the allegations contained in Plaintiff's NoV and the Complaint, and based upon the findings in the February 22, 2021 inspection of the Facility and subsequent discussion and agreement between the Parties and their respective consultants;

---

[1] For purposes of this Consent Decree, the NPDES permit and any amendments thereto in effect at the time of Fibre Resources' required compliance with the terms of this Consent Decree shall be referred to as "the Industrial General Permit" or "IGP."

**WHEREAS**, Fibre Resources continues to deny all allegations in the Notice Letter and Complaint relating to the Fibre Resources Facility;

**WHEREAS**, Plaintiff and Fibre Resources have agreed that it is in the Settling Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings; and

**WHEREAS**, all actions taken by Fibre Resources pursuant to this Consent Decree shall be made in compliance with all applicable federal and state laws and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

**1.** The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a);

**2.** Venue is appropriate in the Southern District of California pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Fibre Resources Facility is located within this District;

**3.** The Complaint states claims upon which relief may be granted pursuant to Section 505(a)(1) of the Clean Water Act, 33 U.S.C. § 1365(a)(1);

**4.** Plaintiff has standing to bring this action;

**5.** The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

**I. OBJECTIVES**

It is the express purpose of the Settling Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, et seq., and to resolve those issues alleged by Plaintiff in his Complaint. Specifically, Fibre Resources agrees to comply with Receiving Water Limitation VI.A. in the IGP which requires that Fibre Resources "shall ensure that industrial storm water discharges … do not cause or contribute to the exceedance of any applicable water quality standards in any affected receiving water,"; Effluent Limitation V.A. of the IGP which requires that Fibre Resources "shall implement Best Management Practices ("BMPs") that comply with the BAT/BCT requirements

of the [IGP] to reduce or prevent discharges of pollutants in [Fibre Resources'] storm water discharge in a manner that reflects best industry practice considering technological availability and economic practicability and achievability"; and the Monitoring, Sampling, and Analysis Requirements found in § XI of the IGP which requires that the Fibre Resources "shall collect and analyze storm water samples from two (2) [Qualifying Storm Events ("QSEs")] within the first half of each reporting year (July 1 to December 31), and two (2) QSEs within the second half of each reporting year (January 1 to June 30)." Fibre Resources shall develop and implement BMPs necessary to achieve compliance with BAT/BCT standards and with the applicable water quality standards as those terms are defined by the IGP. Nothing herein shall be interpreted as an admission by Fibre Resources that it has previously failed to comply with these or any other requirements of the CWA or the IGP.

**II.  AGENCY REVIEW AND TERM OF CONSENT DECREE**

**A.  Agency Review and Comment.** Plaintiff shall submit this Consent Decree to the United States Department of Justice and the EPA (collectively "Federal Agencies") within three (3) days of the final signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5. The agency review period expires forty-five (45) days after receipt by both agencies, as evidenced by written acknowledgement of receipt by the agencies or the certified return receipts, copies of which shall be provided to Fibre Resources if requested. In the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.

**B.  Effective Date.** The term "Effective Date" as used in this Consent Decree shall mean the day the Court enters this Consent Decree.

**C.  Termination Date.** This Consent Decree shall terminate two (2) years after the Effective Date ("Termination Date"), or at such time as Fibre Resources ceases to have stormwater discharges subject to the IGP and Fibre Resources: 1) files all necessary and appropriate submissions regarding the same to the State Board and/or the Regional Board; and 2) provides notice of such filing to Plaintiff, unless there is a prior ongoing, unresolved dispute regarding Fibre Resources' compliance with this Consent Decree.

## III. POLLUTION CONTROL REQUIREMENTS

### A. Storm Water Pollution Reduction Measures

1. The storm water pollution control measures required by this Consent Decree shall be designed and operated to manage storm water discharges, through full compliance with the IGP.

2. Commencing from the Effective Date through the termination date, Fibre Resources shall engage in the following activities to achieve compliance with the Permit and this Consent Decree:

   (a) Fibre Resources will appoint a Qualified Industrial Storm Water Practitioner ("QISP") within sixty (60) days after the Effective Date;

   (b) Certify and submit to Plaintiff, the Court and the RWQCB via SMARTS the QISP's identification number, name, and contact information (telephone number, e-mail address).

3. In addition to the activities described in Sections III.A.2(a) above, Fibre Resources will assure the incorporation of all terms contained in Fibre Resources' February 22, 2021 SWPPP, which shall be implemented at the Facility, the boundaries of which are outlined on the Fibre Resources' Facility Site Map contained in the SWPPP ("Site Map"), (the SWPPP and included Site Map are attached as Exhibit "A" hereto). The Parties agree that the SWPPP may be modified from time to time as more fully described in this Consent Decree. In the event of a modification to the SWPPP or Facility Site Map during the term of this Consent Judgment, Fibre Resources will provide a copy of the revised exhibits to Plaintiff and the Court in the manner described herein, and to the RWQCB via SMARTs.

4. Within forty-five (45) days after the Effective Date, Fibre Resources shall revise the February 22, 2021 SWPPP for the Fibre Resources' Facility to include the following:

   (a) Amending the directional references describing where different features and activities are located with respect to each other to be more precise, clear, and easier to read, specifically:

      (i) SWPPP Section 4.1.2 Truck Scale shall be corrected to properly indicate that the truck scale is on the south side of the building;

      (ii) SWPPP Section 4.1.3 Metal Bin Storage shall be corrected to indicate that the bin storage area is on the east side of the building;

      (iii) SWPPP Section 4.1.5 Truck Loading Dock shall be corrected to indicate that the truck loading dock is on the east side of the building or the east side of the property.

    **(b)** Amending the SWPP to include a more complete list of industrial materials handled at the Facility, including specifically a description of hydraulic fluid contained within the bailer and other hazardous materials that may be used or stored inside the warehouse. Said descriptions should include a description of the industrial materials' type, quantity, and locations where they are stored, handled, and used);

    **(c)** Revise the SWPPP to include the use of water as a dust control BMP; and

    **(d)** Revise SWPPP Section 4.7 to address the controls in place to prevent discharge of water sued for dust control as an unauthorized NSWD.

    **5.** Throughout the term of this Consent Decree, Fibre Resources shall notify Plaintiff of any SWPPP revisions made pursuant to the requirements of this Section III.A and uploaded to SMARTS, for Plaintiff to review and comment within ten (10) days of receiving such notice. Such notice may be automatically provided to Plaintiff's counsel should they be listed as a data-entry person for this file on SMARTS for the life of this Consent Decree. If this listing takes place, no separate notice shall be required for any SWPPP revisions. Plaintiff will provide comments, if any, to Fibre Resources within thirty (30) days of receipt of such notice. Fibre Resources shall incorporate Plaintiff's comments into the SWPPP or shall justify in writing why any comment should not be incorporated, within fifteen (15) days of receiving comments.

**B.** **Numeric Action Level ("NAL") for Discharges from the Fibre Resources Facility.** Fibre Resources acknowledges that Numeric Action Levels ("NALs") in the IGP are applicable to the Facility, including instantaneous and/or annual NALs for the required parameters associated with SIC code 5093 including (i) pH; (ii) Oil and Grease; (iii) Total Suspended Solids; (iv) Aluminum; (v) Iron; (vi) Lead; (vii) Zinc; (viii) Chemical Oxygen Demand, and that Fibre Resources will continue to act in conformity with the IGP and the SWPPP for the Facility, as may be amended from time to time.

    **1.** **Exceedance Response Actions (ERAs)**

        **a.** Fibre Resources acknowledges that it is required to comply with the Exceedance Response Action requirements of the permit as stated in IGP § XII.

**C.** **Sampling and Analysis**

    **1.** Fibre Resources has installed a recording rain gauge capable of recording rainfall to 0.1

inches at the Fibre Resources Facility. Fibre Resources shall maintain the recording rain gauge in accordance with the manufacturers' recommendations, maintain records of all maintenance and rain data, and provide such rain gauge data in Fibre Resources' Monitoring Report described in Part F below for the term of this Consent Decree. In the event there is a dispute about the quantity of rainfall at the Facility, the rain gauge installed pursuant to this section shall be deemed to be the actual rainfall at the site.

2.  Within ninety (90) days of the Effective Date, Fibre Resources shall review its plan for monitoring all storm water discharges from the Fibre Resources Facility that meet the requirements of this Consent Decree and Section XI of the Permit, and incorporate the same into its SWPPP.

3.  Fibre Resources shall submit any revisions to its Monitoring Plan for the Fibre Resources Facility to Plaintiff for review and comment. Plaintiff shall provide comments, if any, to Fibre Resources within thirty (30) days of receipt of the Monitoring Plan. Fibre Resources shall incorporate Plaintiff's comments into the Monitoring Plan, or shall justify in writing why any comment is not incorporated within fifteen (15) days of receiving comments.

4.  During the life of this Consent Decree, and as set forth in the IGP, Fibre Resources shall collect samples of any Qualifying Storm Event ("QSE"), as defined in the IGP, from two QSEs during each half of each reporting year from each sampling point at the Fibre Resources Facility in conformity with its "Monitoring Plan" and in compliance with the IGP. However, nothing herein shall require Fibre Resources to conduct sampling in reporting year halves when a QSE, as defined by the IGP, does not occur. Furthermore, nothing herein shall require Fibre Resources to conduct sampling in reporting year halves when no discharge resulting from a QSE occurs or to perform any activities relating to sampling QSEs beyond those required by the IGP and as permitted. For example, should Fibre Resources apply for and be approved by the Water Board for reduced sampling requirements under the IGP at any point during the life of this Consent Decree, and be permitted to sample only once each reporting year half, then Fibre Resources will follow those Board- approved requirements.

5.  Fibre Resources shall comply with the analytical methods as required by Section XI.B of the IGP as more fully described in the Monitoring Plan.

6.  Fibre Resources shall request that results of all sample analyses required by this Consent Decree be reported to it within thirty (30) days of laboratory receipt of the sample.

7.  During the term of the Consent Decree, Fibre Resources will give notice to Plaintiff of the filing of any reports or other documents containing the complete laboratory results of samples collected as required by this Consent Decree concurrently with the posting of the same on SMARTS.

**D.  Visual Observations.** During the life of this Consent Decree, Fibre Resources shall conduct and document visual observations pursuant to Section XI.A of the IGP and as more fully described in the Fibre Resources SWPPP.

**E.  Annual Report.** Fibre Resources shall give notice, pursuant to Paragraph VII.E. hereof (to the extent notice is not automatically provided to Plaintiff's counsel on SMARTS), to Plaintiff when Fibre Resources submits an Annual Report ("Annual Report") to the State Board no later than July 15 of each year during the term of this Consent Decree. The Annual Report shall contain all information required by the IGP and/or the SWPPP.

## IV. MONITORING AND REPORTING

**A.  Site Inspections.**

1.  Once during the life of this Consent Decree, Plaintiff may conduct an inspection of the Facility up to forty-five (45) days prior to the Termination Date. Up to three (3) of Plaintiff's representatives may attend the site inspection. The site inspection shall occur during normal business hours. Plaintiff and Fibre Resources shall work in good faith to select a mutually acceptable date for the inspection, which will be scheduled at least ten (10) business days in advance. Fibre Resources' personnel or contractors may accompany Plaintiff's representative(s) throughout the inspection.

2.  Plaintiff shall provide Fibre Resources with any comments regarding the Site Inspection within seventy-two (72) hours of the completion thereof. Said comments shall be prepared, signed and certified by Plaintiff's designated QISP. Fibre Resources shall respond to Plaintiff's comments within thirty (30) days of the date on which they are received; however, Fibre Resources is not obligated to respond to any comments regarding the Site Inspection received after seventy-two (72) hours has passed.

**B.  Compliance Monitoring and Oversight.** Fibre Resources shall make a one-time payment of seven thousand five hundred Dollars ($7,500.00) to compensate Plaintiff's Counsel for costs and fees to be incurred for monitoring Fibre Resources' compliance with this Consent Decree. Payment shall be

made within fourteen (14) business days of the Effective Date payable to "Brodsky & Smith" via U.S. Mail.

**C.     Fibre Resources Document Provision.** During the life of this Consent Decree, within ten (10) days, Fibre Resources shall give notice to Plaintiff of all documents related to storm water quality at the Fibre Resources Facility that are submitted to the Regional Board, the State Board, and/or any state or local agency, county, or municipality. Any correspondence related to Fibre Resources' compliance with the Permit or storm water quality received by Fibre Resources from any regulatory agency, state or local agency, county, or municipality shall be provided to Plaintiff within ten (10) days of receipt by Fibre Resources. Provided, however, that this Consent Decree shall not require Fibre Resources to disclose any information or documents subject to the Attorney Client Privilege or the Attorney Work Product doctrine.

**V.    ENVIRONMENTAL PROJECT & REIMBURSEMENT OF LITIGATION FEES & COSTS**

**A.     Environmental Project.** To remediate the alleged environmental harms resulting from non-compliance with the 1997 Storm Water Permit and IGP alleged in the Complaint, Fibre Resources agrees to make a payment of five thousand Dollars ($5,000.00) to the "Regents of the University of California, San Diego" and mailed to UC San Diego Extension Services, Attn. Laura Fandino, Assistant Dean, Academic Affairs, 8950 Villa La Jolla Drive, Suite A201, La Jolla, CA 92037, to fund the UC San Diego Extension's Industrial Compliance Workshop program, dedicated to providing industrial stormwater compliance training for a wide range of persons including, business owners and employees, environmental consultants, government employees, and others, to receive the training needed to achieve and maintain compliance with the IGP at industrial facilities in California, including those facilities whose stormwater runoff affects the overall San Diego Bay watershed. UC San Diego Extension has trained hundreds of individuals in stormwater compliance under the IGP to date. The payment shall be made within fourteen (14) business days of the Effective Date.

**B.     Reimbursement of Attorneys' Fees and Costs.** Fibre Resources shall pay a total of sixty six thousand five hundred Dollars ($66,500.00) to "Brodsky & Smith" for their investigation fees and costs, expert/consultant fees and costs, and reasonable attorneys' fees incurred as a result of investigating and preparing the lawsuit and negotiating this Consent Decree. Payment shall be made payable to "Brodsky

& Smith" within fourteen (14) business days of the Effective Date via U.S. Mail.

## VI. DISPUTE RESOLUTION AND RETENTION OF JURISDICTION

**A.     Continuing Jurisdiction.**  This Court shall retain jurisdiction over this matter until the Termination Date defined above for the purposes of implementing and enforcing the terms and conditions of this Consent Decree and adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree, unless a Party files and is granted a timely motion requesting an extension of time for the Court to retain jurisdiction.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

**B.     Meet and Confer.**  A Party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying the other Party in writing of the matter(s) in dispute.  The Settling Parties shall then meet and confer in good faith (either telephonically or in person) in an attempt to resolve the dispute informally over a period of ten (10) days from the date of the notice.  The Parties may elect to extend this time in an effort to resolve the dispute without court intervention.

**C.     Dispute Resolution.**  If the Parties cannot resolve a dispute by the end of meet and confer informal negotiations, then the parties shall attempt to settle the dispute through mediation provided by the American Arbitration Association ("AAA") pursuant to AAA's Commercial Mediation Provisions in effect at the time the act or acts being disputed occurred.

**D.     Burden of Proof.**  In any dispute resolution proceeding, the Party invoking the dispute resolution procedures provided herein shall have the burden of demonstrating that the other Party has failed to meet its obligations as set forth herein.

**E.     Enforcement Fees and Costs.**  If formal dispute resolution is not successful, then the parties may file a motion to enforce the settlement with the Court.  The litigation costs and fees incurred in prosecuting a motion to enforce such shall be awarded to the prevailing party.

## VI. MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

**A.     Plaintiff's Public Release of Claims.**  This Consent Judgment is a final and binding resolution between Plaintiff, on his own behalf, and on behalf of the public and in the public interest, and Fibre Resources, and their parents, subsidiaries, affiliated entities under common ownership, directors, officers, agents, employees, attorneys, if any (collectively "Releasees"), and shall have a preclusive effect such

that no other person or entity, whether purporting to act in his, her, or its interests or the public interest shall be permitted to pursue and/or take any action with respect to any violation of the CWA that was alleged in the Complaint, or that could have been brought pursuant to the Notice. Nothing in this Consent Decree waives the rights of the United States to enforce its rights under Federal Law.

**B.     Plaintiff's Release of Additional Claims.** As to Plaintiff for and in his individual capacity only, this Consent Judgment shall have preclusive effect such that he shall not be permitted to pursue and/or take any action with respect to any other statutory or common law claim, to the fullest extent that any of the foregoing were or could have been asserted by him against Fibre Resources or the Releasees based on the facts alleged in the Complaint and the Notice, whether or not based on actions committed by Fibre Resources.

**C.     Waiver of Rights Under Section 1542 of the California Civil Code**

　　　　1.     Plaintiff acting in his individual capacity waives all rights to institute any form of legal action, and releases all claims against Fibre Resources, and the Releasees, (referred to collectively in this Section as the "Claims"). In furtherance of the foregoing, Plaintiff waives any and all rights and benefits which he now has, or in the future may have, conferred upon him with respect to the Claims by virtue of the provisions of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

　　　　2.     Plaintiff understands and acknowledges that the significance and consequence of this waiver of California Civil Code § 1542 is that even if Plaintiff suffers future damages arising out of or resulting from, or related directly or indirectly to, in whole or in part, the facts in the Complaint, Plaintiff will not be able to make any claim for those damages against Releasees.

**D.     Fibre Resources' Release of Plaintiff.** Fibre Resources, on behalf of itself, its past and current agents, representatives, attorneys, successors and/or assignees, hereby waives any and all claims against Plaintiff, his attorneys, and other representatives for any and all actions taken or statements made (or those that could have been taken or made) by Plaintiff and his attorney and other representatives, whether

in the course of investigating the Claims or otherwise.

E.      **Parties' Release.**  Unless specifically provided for in this Consent Decree, the Parties, on their own behalf and on behalf of their current and former officers, directors, employees, and each of their successors and assigns, and their agents, and other representatives release all persons including, without limitation, all other Parties to this Consent Decree (and each of their direct and indirect parent and subsidiary companies and affiliates, and their respective current and former officers, directors, members, employees, shareholders, and each of their predecessors, successors, and assigns, and each of their agents, attorneys, consultants, and other representatives) from any additional attorneys' fees or expenses related to the resolution of this matter.

F.      Nothing in this Consent Decree limits or otherwise affects any Party's right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the State Board, Regional Board, EPA, or any other administrative body on any other matter relating to Fibre Resources' compliance with the IGP or the Clean Water Act occurring or arising after the Effective Date of this Consent Decree.

## VII.    MISCELLANEOUS PROVISIONS

A.      **No Admission of Liability.**  Neither this Consent Decree, the implementation of additional or modified BMPs, nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, admission, or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation.  Fibre Resources maintains and reserves all defenses it may have to any alleged violations that may be raised in the future.

B.      **Construction.**  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the IGP, the Clean Water Act, or specifically herein.

C.      **Choice of Law and Venue.**  The laws of the United States shall govern this Consent Decree, with venue proper only in the Southern District of California.

D.      **Severability.**  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

E.   **Correspondence and Notices.** Any and all notices and/or correspondence between the Parties provided for or permitted under this Consent Decree shall be in writing and personally delivered or sent by:

    **1.**   First-class (registered or certified) mail return receipt requested; or

    **2.**   Overnight or two-day courier; or

    **3.**   By email with confirmed receipt only (thus at the risk of the email sender); on any Party by the other Party to the following addresses:

**If to Plaintiff:**

Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)
Brodsky Smith
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Tel:   877.534.2590
Fax:   310.247.0160
Email: esmith@brodskysmith.com
          rcardona@brodskysmith.com

**If to Fibre Resources:**

Kristin Reyna Dehart
kreyna@grsm.com
GORDON REES
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-1724

Any change of address or addresses shall be communicated in the manner described above for giving notices.

F.   **Counterparts.** This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

G.   **Modification of the Consent Decree.** Except as otherwise provided herein, this Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Settling Parties, or upon motion of any Party as provided by law and upon an

entry of a modified Consent Judgment by the Court. If any Settling Party wishes to modify any provision of this Consent Decree, the Settling Party must notify the other Settling Party in writing at least twenty-one (21) days prior to taking any step to implement the proposed change.

**H.    Full Settlement.** This Consent Decree contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all discussions, negotiations, commitments and understandings related thereto. No representations, oral or otherwise, express or implied, other than those contained herein have been made by any party hereto. No other agreements not specifically referred to herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.

**I.    Integration Clause.** This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the Consent Decree between the Settling Parties and expressly supersedes any and all prior oral or written Consent Decrees, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

**J.    Authority of Counsel.** The undersigned representatives for Plaintiff and Fibre Resources each certify that he/she is fully authorized by the party whom he/she represents to approve this Consent Decree as to form.

**K.    Authority.** Fibre Resources certifies that its undersigned representative is fully authorized to enter into this Consent Decree, to execute it on behalf of Fibre Resources, and to legally bind Fibre Resources to its terms.

**L.    Agreement to be Bound.** The Settling Parties, including any successors or assigns, agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms.

## VIII.   COURT APPROVAL

The Parties hereby respectfully request that the Court promptly approve and enter this Consent Decree. Upon entry of this Consent Decree, Plaintiff and Defendant waive their respective rights to a hearing or trial on the allegations of the Complaint and Notice which are at issue in this action. If this Consent Decree is not approved by the Court, it shall be of no force and effect, and it may not be used in any proceeding for any purpose.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

SO AGREED AND APPROVED AS TO CONTENT

Dated: 7/7/21

PLAINTIFF

_____
Clayton Freeman

Dated: _____

**FIBRE RESOURCES UNLIMITED, INC. a/k/a FIBRE RESOURCES**

By:_____
[INSERT NAME OF REPRESENTATIVE]

Dated: _____

**CERTIFIED RECYCLING, INC.**

By:_____
[INSERT NAME OF REPRESENTATIVE]

APPROVED AS TO FORM

Dated: _____

**BRODSKY SMITH**

By:_____
Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)

*Attorneys for Plaintiff*

Dated: _____

**GORDON REES**

By:_____
Kristin Reyna Dehart

*Attorneys for Defendants*

IT IS SO ORDERED.

Date: _____

The Honorable Cynthia Bashant
United States District Court Judge
Southern District of California

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth below.

**SO AGREED AND APPROVED AS TO CONTENT**

Dated: _____  **PLAINTIFF**

_____
Clayton Freeman

Dated: _____  **FIBRE RESOURCES UNLIMITED, INC. a/k/a FIBRE RESOURCES**

By:_____
    [INSERT NAME OF REPRESENTATIVE]

Dated: _____  **CERTIFIED RECYCLING, INC.**

By:_____
    [INSERT NAME OF REPRESENTATIVE]

**APPROVED AS TO FORM**

Dated: 7/9/2021

**BRODSKY SMITH**

By: /s/
Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)

*Attorneys for Plaintiff*

Dated: _____  **GORDON REES**

By:_____
    Kristin Reyna Dehart

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Date: _____

_____
The Honorable Cynthia Bashant
United States District Court Judge
Southern District of California

| | |
|---|---|
| 1 | IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date |
| 2 | first set forth below. |

SO AGREED AND APPROVED AS TO CONTENT

Dated: _____   **PLAINTIFF**

_____
Clayton Freeman

Dated: 7-7-21   **FIBRE RESOURCES UNLIMITED, INC. a/k/a FIBRE RESOURCES**

By: _/s/_____
[INSERT NAME OF REPRESENTATIVE]

Dated: 7-7-21   **CERTIFIED RECYCLING, INC.**

By: _/s/_____
[INSERT NAME OF REPRESENTATIVE]

APPROVED AS TO FORM

Dated: _____   **BRODSKY SMITH**

By: _____
Evan J. Smith (SBN 242352)
Ryan P. Cardona (SBN 302113)

*Attorneys for Plaintiff*

Dated: 7-7-2021   **GORDON REES**

By: _/s/_____
Kristin Reyna Dehart

*Attorneys for Defendants*

IT IS SO ORDERED.

Date: _____

_____
The Honorable Cynthia Bashant
United States District Court Judge
Southern District of California

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

**DATED: October 4, 2021**

Hon. Cynthia Bashant
United States District Judge